In the Matter of **UITERWYK CORPORATION, Debtor.**

**UITERWYK CORPORATION, Plaintiff,**

v.

**LONRAY, INC., et al., Defendants.**

Bankruptcy No. 83–166.
Adv. No. 83–698.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Nov. 10, 1983.

Don M. Stichter, Tampa, Fla., for Uiterwyk Corp.

Mitchel E. Woodlief, Jacksonville, Fla., for Container Transport Corp.

Charles F. Ketchey, Jr., Tampa, Fla., for Frank B. Hall & Co. of Florida, Interfirst Bank of Houston, N.A.

Edward M. Waller, Tampa, Fla., for Interpool, Ltd.

## ORDER ON MOTIONS TO DISMISS

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 reorganization case and the immediate matters under consideration are four Motions to Dismiss filed by Frank B. Hall & Company of Florida, Interfirst Bank of Houston, N.A., Interpool, Ltd. and Container Transport Corporation, Defendants in the above-styled adversary proceeding. The adversary proceeding was commenced upon a Complaint for Preliminary and Permanent Injunction filed by Uiterwyk Corporation, the Chapter 11 Debtor in Possession against Lonray, Inc., Ocean-Air Cargo Claims, Inc.; Interfirst Bank of Houston, N.A.; Frank B. Hall & Company of Florida; Backer-Navid and Interpool Ltd. The complaint was subsequently amended and Container Transport was added as a party defendant. The Debtor seeks a preliminary and permanent injunction restraining and enjoining the Defendants from prosecution of actions which are currently pending against Jan C. Uiterwyk, Robert H. Uiterwyk, Jan D. Uiterwyk, Maria A. Uiterwyk, Robert N. Uiterwyk, Hendrik Uiterwyk and Uiterwyk, Uiterwyk and Uiterwyk.

The Debtor alleges that Jan C. Uiterwyk, Robert H. Uiterwyk, Maria A. Uiterwyk, Robert N. Uiterwyk, Hendrik Uiterwyk and Uiterwyk, Uiterwyk and Uiterwyk are principal owners and until the filing of the Chapter 11 petition, were officers, directors, and fiduciaries of Uiterwyk Corp. In addition, Robert H. Uiterwyk serves as the Chief Executive Officer of the Debtor. The Complaint further alleges the pendency of the following lawsuits filed against the Debtor corporation and the above-named individuals: Lonray, Inc. v S.S. "Maria U.", etc., Jan C. Uiterwyk, et al, Case No. 82–Civ. 5944 (DNE) District Court for the Southern District of New York; Ocean-Air Cargo Claims, Inc. v Uiterwyk Corporation, Robert H. Uiterwyk, et al, Index No. 02750/83, Supreme Court of New York,

County of New York; Interfirst Bank of Houston, N.A. v Uiterwyk Corporation, Jan C. Uiterwyk, Maria A. Uiterwyk, Robert H. Uiterwyk, Hendrik Uiterwyk and Jan D. Uiterwyk, C.P. Number 82–3086, District Court for the Southern District of Texas, Houston Division; Frank B. Hall and Company of Florida v Uiterwyk Corporation, Robert Uiterwyk and Henk Uiterwyk, Case No. 83–1114, Div. W., Circuit Court of the Thirteen Judicial Circuit in and for Hillsborough County, Florida; Backer-Navid v Uiterwyk Corporation and Robert H. Uiterwyk, Case No. 80–1228 CIV–T–K, District Court for the Middle District of Florida; Interpool Ltd. v Uiterwyk, Uiterwyk and Uiterwyk, et al, Case No. 82 Civ. 6716 (RLC), District Court for the Southern District of New York; and Container Transport Corporation v Jan C. Uiterwyk and Robert H. Uiterwyk, Docket No. 83–1018–Civ–T–10, District Court for the Middle District of Florida, Jacksonville Division.

It is further alleged that with the exception of the lawsuit instituted by Interpool, Ltd., the sole purpose of the pending litigations is to liquidate and collect damages allegedly resulting from pre-petition actions of the Debtor. The Interpool lawsuit filed against Uiterwyk, Uiterwyk and Uiterwyk is based on a guarantee, however, the Debtor contends that the time required to defend the same will seriously interfere with Robert H. Uiterwyk's duties as chief executive officer of the Debtor. (Robert H. Uiterwyk is a partner in Uiterwyk, Uiterwyk and Uiterwyk)

The Debtor further alleges that the lawsuits are merely an attempt by creditors to circumvent the reach of the automatic stay, and speculates that the Debtor may be constrained to participate in the lawsuits. The Debtor concludes that it is bound to defend its former officers and directors; shareholders and fiduciaries sued for actions taken in the normal course of business and finally, determines that the potential participation will interfere with the administration of the estate and impede rehabilitation. Upon these allegations, speculations and conclusions, the Debtor states that failure to enjoin the above-noted lawsuits will result in irreparable harm in the nature of depletion of the Debtor's estate.

It is without dispute that the reach of the automatic stay extends only to the Debtor, the Debtor's property or the Debtor's estate. *Matter of Johns-Manville Corporation,* 26 B.R. 405, 409 (Bkrtcy.S.D.N.Y. 1983); *In re Casqul of Nevada, Inc.,* 22 B.R. 65, 66 (9th Cir.1982). While it is recognized that § 105(a) of the Bankruptcy Code provides that the Bankruptcy Court has the power to "... issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Code], this section was not intended to grant ... powers without bounds." *Matter of Johns-Manville Corp.,* 26 B.R. at 414, citing *In re Brada Miller Freight Systems, Inc.,* 16 B.R. 1002 (D.C.N.D.Ala.1981). The Bankruptcy Court is armed with the power to issue injunctions, however, before the Court will enjoin an action by a creditor against a co-debtor or guarantor, it is incumbent upon the Debtor to show that in the absence of an injunction, the bankruptcy estate will suffer irreparable injury; that there is a strong likelihood of success on the merits; and little or no harm shall befall the parties so enjoined. *In re Otero Mills, Inc.,* 21 B.R. 777 (Bkrtcy.D.N.M.1982); *In re Lamar Estates, Inc.,* 5 B.R. 328 (Bkrtcy.E.D. N.Y.1980).

In its complaint for injunctive relief, the Debtor has failed to set forth facts upon which relief can be granted. It appears that the Debtor's ultimate conclusion that the estate will suffer irreparable injury is posited on mere speculation of the Debtor's possible involvement in defending the lawsuits brought against non-debtors, and the conclusion that the time required by Robert Uiterwyk in defending one lawsuit will be "so time consuming and onerous as to interfere with his duties ..."

Finally, the Complaint is devoid of any facts regarding the impact of an injunction on the parties, here sought to be enjoined.

Based on the foregoing, the Court is satisfied that the Complaint is insufficient on its face and must be dismissed.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Motions to Dismiss filed by Frank B. Hall & Company of Florida, Interfirst Bank of Houston, N.A., Interpool Ltd., and Container Transport Corporation, be, and the same hereby are, granted and the Complaint for Preliminary and Permanent Injunction filed by the Chapter 11 Debtor, Uiterwyk Corporation be, and the same hereby is, dismissed.