### In the Matter of PRECISION COLORS, INC., Debtor.

### PRECISION COLORS, INC., Plaintiff,

### v.

### THIRD NATIONAL BANK AND TRUST COMPANY, Defendant.

Bankruptcy No. 3–83–01991.
Adv. No. 3–83–0808.

United States Bankruptcy Court,
S.D. Ohio, W.D.

Feb. 3, 1984.

---

4. *See* note 3 *supra.*

Thomas R. Noland, Dayton, Ohio, for debtor-in-possession.

Timothy N. O'Connell, Dayton, Ohio, for Third Nat. Bank & Trust Co.

## DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

The Chapter 11 Debtor, Precision Colors, Inc., requests this Court to enjoin pursuant to 11 U.S.C. § 105 the defendant, the Third National Bank and Trust Co. [Bank], a creditor of Precision Colors, from taking actions to collect from the co-makers of one of debtor's obligations. By agreement, the Court will limit this decision to only the issue of the jurisdiction of the Bankruptcy Courts, leaving the question of whether to actually issue the injunction to a later date, for the submission of evidence.

### FACTS

Although not findings of fact, the following is a short summary of the facts presented in the pleadings.

Two shareholders, Robert Dieffenbach and Clarence Rihm, control the debtor. Dieffenbach is the current president of debtor. On December 12, 1982, Rihm and Dieffenbach signed as co-makers, a note evidencing a $500,000 loan to debtor from the Bank.

In August, 1983, debtor filed for Chapter 11 relief in this court. Subsequently, it failed to make payments on the loan as they became due. In November, 1983, the Bank gave notice to both Dieffenbach and Rihm of its intention to file suit to collect from them, resulting in a November 30, 1983, cognovit judgment against them. (Neither Dieffenbach nor Rihm has personally sought relief in bankruptcy.)

On December 1, 1983, debtor commenced this action and received a temporary restraining order (TRO). At a hearing on December 7, 1983, the parties agreed to continue the TRO until the threshold question of jurisdiction was decided. Briefs pertinent to jurisdiction only were filed on January 5, 1984, and on January 23, 1984.

### DISCUSSION

On this jurisdiction issue, debtor relies on 11 U.S.C. § 105(a), which reads: "The bankruptcy court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title," and on 28 U.S.C. § 1481: "A bankruptcy court shall have the powers of a court of equity, law, and admiralty, but may not enjoin another court or punish a criminal contempt not committed in the presence of the judge of the court or war-

ranting a punishment of imprisonment." It then cites the following cases to support this Court's jurisdiction: *Hunter v. Georgetown,* 14 B.R. 72 (Bkrtcy., S.D.Ohio 1981); *In re Otero Mills,* 25 B.R. 1018, 9 B.C.D. 1400, 7 CBC2d 1017, BLR (CCH) ¶ 68,944 (D.N.M.1982); *Toledo Trust Co. v. Poole,* 15 B.R. 422 (Bkrtcy., N.D.Ohio 1981); *In re Laughlin Air Fund II,* 19 B.R. 556 (Bkrtcy., N.D.Ohio 1982); *In re Ackerman,* 28 B.R. 509 (Bkrtcy., S.D.N.Y.1983); *In re Lahman Mfg. Co., Inc.* 33 B.R. 681 (Bkrtcy., D.S.D. 1983).

In response, defendant Bank claims that *Lynch v. Johns-Manville Corp.,* 710 F.2d 1194, 10 B.C.D. 1282, C.C.H. B.L.R. 69317 (6th Cir.1983) controls this action, by analogy, in that *Lynch* prohibits the use of § 362's automatic stay provisions against co-makers. It further asserts, "in conclusion, Third National Bank states that there is no authority for the granting of an injunction in this case as Debtor has failed to show, chiefly, irreparable injury.... [The facts] basically establish that it is possible Debtor[']s reorganization would be hampered, but nothing as clear cut as the injury in the *Lahman* case exists in the case *subjudice.*" It would then distinguish *Lahman,* which debtor claims is "on all fours" with the present facts, since the *Lahman* guarantors were the only source of funds, while debtor here currently has one other possible source of funds.

■ I agree with the Bank's assertion that *Lynch* limits the scope of § 362's automatic stay provisions to actions against the debtor. However, *Lynch* was limited to interpreting § 362; it does not deal with the thrust of 11 U.S.C. § 105 and the general equity jurisdiction of bankruptcy courts. In this instance, to extend *Lynch* by analogy to cover the present facts would be wrong, since the issuance of an injunction after a hearing pursuant to either § 105 or the general equity jurisdiction of bankruptcy courts under 28 U.S.C. § 1481 is clearly a distinct matter from an automatic stay pursuant to § 362. The issuance of such an injunction may be only for cause shown.

In stating that there is no authority, the Bank seems to gloss over the cases cited by debtor finding jurisdiction. Rather, the Bank offers no authority, except by analogy, for its proposition that there is no jurisdiction in bankruptcy courts. Then, it apparently confuses the issues of jurisdiction and cause for the issuance of the injunction, when it speaks of irreparable harm.

■ The *Lahman* court at 683 stated that "the jurisdictional test is whether failure to enjoin would affect the bankruptcy estate and would adversely or detrimentally influence and pressure the debtor through a third party." I am satisfied that this test is relevant under the present factual situation, as asserted.

Debtor in its original motion claims that the Bank should be enjoined because, "such (collection) action would greatly interface and impede Debtor from presenting a Plan of Reorganization which would provide benefit to creditors other than the Third National Bank of Dayton as such action would frustrate and defeat the purpose of Chapter 11 reorganization ...." It claims that if the shareholders were embroiled in such collection litigation, they would be unable to provide capital for the reorganization, could not concentrate their efforts on the reorganizational process and may even be enforced antagonists with each other and with the debtor. Debtors should be given the opportunity to prove this claim.

■ After careful consideration, I am satisfied that this court does have jurisdiction to determine whether to enjoin the Bank from attempting to collect from the co-makers of the Chapter 11 debtor's obligation. *See* the above-cited cases and *In re Jon Co.,* 30 B.R. 831 (Bkrtcy., D.Col.1983); *In re Sentinel Energy Control Systems, Inc.,* 27 B.R. 795 (Bkrtcy., D.Mass.1983); *In re Larmar Estates, Inc.* 5 B.R. 328, 6 B.C.D. 711, B.L.R. (CCH) ¶ 67,661 (Bkrtcy., E.D.N. Y.1980).

■ Parenthetically, certain aspects of the bankruptcy court jurisdiction, if exercised, should be emphasized. The relief sought by the Debtor in Possession is an extraordinary remedy and requires strict proof of harm to the Chapter 11 reorganization with no concomitant harm to the Bank. In this sense, of furthering the reorganiza-

**432**

tion process only, the Chapter 11 process must provide complete protection to the Bank and not serve merely to insulate *per se* the co-makers from their joint and several liability.

It is noted that the Chapter 11 case was instituted on 26 August 1983. The exclusive period for the Debtor to file a Disclosure Statement and Plan of Reorganization pursuant to 11 U.S.C. § 1121 has already expired (December 24, 1983) and no Plan has been filed, or extension granted.

█ Hence, since critical rights and parties not subject to the exclusive jurisdiction of this court are involved, Rule 65 of the Rules of Civil Procedure dictates that no preliminary injunction should now issue except upon the giving of security forthwith by the Debtor (or co-makers) to the Bank for the costs and amount of the judgment in the state court, until the judgment is paid or a permanent injunction, if any, is duly entered after an evidentiary hearing on the merits herein. Counsel for the parties shall confer immediately and submit to the Court evidence of compliance with this Order within five days after the date hereof.

IT IS SO ORDERED.