**In re EMERGENCY BEACON CORPORATION, Debtor.**

**Bankruptcy No. 76 B 356.**

United States Bankruptcy Court, S.D. New York.

May 21, 1984.

Stephen G. Glatzer, pro se.

Harvey S. Barr, Spring Valley, N.Y., Trustee in Possession and for trustee in possession of Emergency Beacon Corp.

Stern & Peshkin, P.C., New York City, for The Merchants Bank of New York.

DECISION ON ORDER TO SHOW CAUSE TO ENJOIN PERMANENTLY THE MERCHANTS BANK OF NEW YORK FROM SATISFYING ITS JUDGMENT

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The proceeds from wedding gifts deposited in a joint bank account were levied upon by The Merchants Bank of New York ("Merchants") in satisfaction of a judgment obtained by Merchants against Stephen G. Glatzer, the president and major shareholder of Emergency Beacon Corporation ("EBC"), a Chapter XI debtor. Glatzer seeks permanently to enjoin Merchants from satisfying its judgment with the proceeds from the attached bank account.

## FINDINGS OF FACT

1. The judgment in question was based upon a written personal guarantee of the debtor's obligations to Merchants which had been given to Merchants in 1973 by Mr. Glatzer and Rocco Scappatura, a former officer of the debtor before Glatzer and Scappatura had a falling out and before Glatzer had been locked out of the debtor's premises. After regaining control of the debtor, Glatzer unsuccessfully litigated his defense to Merchants' state court action against him, which generally involved a denial of liability and allegations that Merchants renewed their loan to the debtor while Glatzer was locked out of the debtor's premises and that Merchants relied solely upon Scappatura's guarantee because the renewal was requested by Scappatura, who was then in control of the debtor. On December 13, 1978, the Civil Court of the City of New York rejected Glatzer's defenses and awarded a judgment in favor of Merchants in the sum of $10,300.00. By notice of appeal, dated January 8, 1979, Glatzer appealed Merchants' judgment in the Appellate Term of the Supreme Court, State of New York, First Department. By order dated March 15, 1984, the Appellate Term dismissed Glatzer's appeal on the ground that it had been delayed for more than five years since the filing of the notice of appeal. Accordingly, the judgment is now final so that the underlying merits may not now be relitigated in this court. It further appears that Merchants has collected $6000.00 from Rocco Scappatura, the other co-guarantor, and that the outstanding balance, together with

interest and costs, amounts to approximately $8,800.00.

2. The Chapter XI debtor in this case, EBC, has had a long and active involvement in this court since it filed its first Chapter XI petition on February 18, 1976. Much of the debtor's Chapter XI history was summarized by the Second Circuit Court of Appeals in *Matter of Emergency Beacon Corp.*, 666 F.2d 754 (2d Cir.1981) and need not be repeated in view of the fact that the debtor's past trials and tribulations are not now relevant to the instant matter. Suffice it to say that on March 30, 1984 this court finally signed an order confirming EBC's plan of reorganization that had previously been accepted by the requisite majority of creditors. The plan calls for a repayment to unsecured creditors of one and one-half percent per year for seven years, totalling ten and one-half percent, plus a distribution of one share of common stock for each ten dollars of debt. The debtor agrees to pay on this stock an annual dividend of five percent of its gross annual sales divided by the total number of outstanding shares. The debtor estimates that this dividend will approximate ten cents per share per annum.

3. Glatzer maintains that EBC's survival is dependent on him and that "to allow the Merchants Bank to proceed with its judgment against Glatzer will impair EBC's ability to carry out its Plan of Arrangement." Glatzer clearly established at the hearing that he was the founder and guiding force behind the debtor's economic progress. His scientific knowledge and expertise are essential to the survival of EBC. His full-time services, which have been contributed without pay, are vital to the continued success of EBC, whose main product line includes an emergency locator transmitter generally employed in airplanes for purposes of locating downed planes and rescuing pilots and passengers. Indeed, it appears that EBC's beacon is the only emergency locator transmitter available for helicopters in the retrieval of downed helicopter crews. Undoubtedly, it is in the public interest that EBC's survival should be encouraged.

4. However, there was no proof that any of the attached funds and proceeds from wedding gifts maintained by Glatzer and his wife in their personal bank account inured in any way to the corporate debtor's benefit or that such funds were to be used in satisfaction of EBC's confirmed plan of arrangement. Manifestly, there is no factual basis for regarding such funds as property of the debtor's estate for jurisdictional purposes or directly relevant to the survival of EBC. There was no proof that Glatzer used these funds for living expenses in lieu of a salary from the debtor. On the contrary, it appears that Glatzer's income is derived from his interest in Superior Electronics Corporation, a nondebtor entity that manufactures component parts for EBC's beacon pursuant to a court-authorized contract.

5. That Glatzer was required to devote valuable time defending against Merchants' state court action since it was commenced in 1976 did not detract from his successful efforts to achieve a confirmation of EBC's plan of arrangement. The state court litigation between Merchants and Glatzer ensued without any claim by Glatzer that such litigation should be enjoined by this court as an interference with the debtor's pending Chapter XI reorganization case. Now that such litigation has been concluded by the entry of a final judgment, notwithstanding Glatzer's contrary proof on the merits, it is too late to say that injunctive relief from this court is appropriate with respect to Glatzer's personal funds or that there is a likelihood of a meritorious defense (assuming that such factors may be availed of by non-debtor entities).

## DISCUSSION

Understandably, Glatzer is aggrieved by the fact that Merchants seeks to collect under his personal guarantee of the debtor's obligations with respect to a renewal loan that was requested by Glatzer's co-guarantor, Rocco Scappatura, at a time when Glatzer had been physically locked out from the control of the corporate debt-

or's affairs by Scappatura and others. However, Glatzer had fully litigated the merits as to this guarantee and his defenses to Merchants' right to collect from him in the state courts without any request for injunctive relief (assuming injunctive relief might be available) from this court. The Appellate Term's dismissal of his appeal means that Merchants' judgment against him is now final and may not be relitigated or collaterally attacked in this court because it is res judicata. *See Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1970); *Vasquez v. Van Lindt*, 724 F.2d 321, 325 (2d Cir.1983). Accordingly, Glatzer reasons that since Merchants' loan to the debtor, EBC, is an allowed claim and is treated in the plan of reorganization, Merchants should be enjoined permanently from satisfying its judgment against Glatzer from personal funds of Glatzer and his wife until after the debtor completes its payments under its plan of reorganization.

 The basic issue that must be addressed is whether this court has jurisdiction in this Chapter XI case under the former Bankruptcy Act of 1898 to enjoin The Merchants Bank of New York from satisfying their state court judgment against the non-debtor guarantor of the corporate debtor's obligation. Reference must be made to Section 2a(15) of the former Bankruptcy Act, which authorizes a Bankruptcy Court to "[m]ake such orders ... as may be necessary for the enforcement of the provisions of this Act" except enjoining another court. Additionally, section 311 of the former Bankruptcy Act, 11 U.S.C. § 711, provides that a Bankruptcy Court in which a Chapter XI petition was filed has "exclusive jurisdiction of the debtor and his property, wherever located." The Bankruptcy Court's power to enjoin litigation and the enforcement of liens against property of the debtor is authorized under section 314 of the Act, 11 U.S.C.

714,[1] which relates to actions against a debt or where a debtor's property is implicated. Manifestly, the proceeds belonging to Glatzer and his wife in their personal bank account that were attached by Merchants in the enforcement of their judgment against Glatzer are not property of the corporate debtor, EBC. Nor was there any proof that such funds were to be used to fund the debtor's reorganization payments under its plan. The attachment of the proceeds in Glatzer's personal bank account does not involve any action against the corporate debtor, EBC, nor does it concern any property belonging to EBC.

That this court does not have the power to enjoin Merchants from enforcing its judgment against the non-debtor, Glatzer, from personal proceeds belonging to Glatzer and his wife, notwithstanding that Glatzer's liability stemmed from his guarantee of EBC's obligation to Merchants, was made clear in *Teledyne Industries, Inc. v. Eon Corporation*, 401 F.Supp. 729 (S.D.N.Y.1975), *aff'd*, 546 F.2d 495 (2d Cir.1976). The District Court ruled as follows:

> First of all, under the bankruptcy statute, the exclusive jurisdiction of the bankruptcy court extends only to the debtor, in this case Eon, and *its* property. 11 U.S.C. § 711. In this action, the plaintiff is seeking to impose liability on the individual defendants personally. The subject matter of this lawsuit is clearly not property in the actual or constructive possession of Eon. A judgment in favor of plaintiff will in no way affect Eon or its property, and obviously will not interfere with the bankruptcy court's order of arrangement.

> Secondly, the stay issued by the bankruptcy judge with respect to Eon does not in the least affect these proceedings. The power to enjoin lawsuits pursuant to 11 U.S.C. § 714 is confined to actions in which the debtor is a party or in which

---

**1.** SEC. 314. The court may, in addition to the relief provided by section 11 of this Act and elsewhere under this chapter, enjoin or stay until final decree the commencement or continuation of suits other than suits to enforce liens upon the property of a debtor, and may, upon notice and for cause shown, enjoin or stay until final decree any act or the commencement or continuation of any proceeding to enforce any lien upon the property of a debtor.

the debtor's property is directly affected. *Evarts v. Eloy Gin Corp.* (9th Cir.1953) 204 F.2d 712, *cert. denied* 346 U.S. 876, 74 S.Ct. 129, 98 L.Ed. 384; 8 Collier on Bankruptcy, § 3.21 (14th Ed.1971). As noted above, the instant action involves neither the debtor nor its property. Indeed, the bankruptcy judge himself in this case specifically refused to enjoin Teledyne's suit against the individual defendants.

401 F.Supp. at 734 (footnotes omitted). A similar rejection of the Bankruptcy Court's authority to enjoin the enforcement of the personal liability of a guarantor of the obligations of a Chapter XI debtor was stated in *Globe Construction Co. v. Oklahoma City Housing Authority,* 571 F.2d 1140 (10th Cir.), *cert. denied,* 439 U.S. 835, 99 S.Ct. 117, 58 L.Ed.2d 131 (1978).

The power of a bankruptcy court to enjoin *in personam* suits is confined to suits against the debtor, and there is no jurisdiction to enjoin a suit brought to enforce the personal liability of a guarantor of bonds secured by a mortgage upon property owned by the debtor. 8 *Collier on Bankruptcy* ¶ 3.22, at 250 (14th ed. 1976). See also, *Loyd v. Stewart & Nuss, Inc.,* 327 F.2d 642 (9th Cir.1964). For cases holding that a court of bankruptcy is without jurisdiction to enjoin proceedings where creditors of the bankrupt institute proceedings against the surety of the bankrupt, see *Jaquith v. Rowley,* 188 U.S. 620, 23 S.Ct. 369, 47 L.Ed. 620 (1903) and *Brown v. Four-in-One Coal Co.,* 286 F. 512 (6th Cir.1923), *cert. denied,* 262 U.S. 749, 43 S.Ct. 524, 67 L.Ed. 1213 (1923). See also *Metcalf v. Barker,* 187 U.S. 165, 23 S.Ct. 67, 47 L.Ed. 122 (1902) and *Linstroth Wagon Co. v. Ballew,* 149 F. 960 (5th Cir.1907).

571 F.2d at 1143. *See also Parkview Gem, Inc. v. Stein,* 516 F.2d 807, 808–09 (8th Cir.1975) (reorganization court was without jurisdiction to enjoin landlord of debtor's subsidiary from declaring forfeiture of lease with non-debtor entity); *In re Magnus Harmonica Corporation,* 233 F.2d 803, 804 (3rd Cir.1956) (state court action against officers of debtor to collect on guarantees could not be enjoined even though suit might have had indirect repercussion on bankruptcy proceedings); *In re Nine North Church Street, Inc.,* 82 F.2d 186, 189 (2d Cir.1936) (Act § 2a(15) did not support injunction of state court suit against guarantor because jurisdiction does not extend to prosecution of claim which would not interfere with the debtor's property).

It should be observed that the Bankruptcy Court's lack of authority to enjoin third parties from pursuing actions against non-bankrupts in state courts was compelled by the provisions of the former Bankruptcy Act, which govern the instant case. This point was noted in *In re Otero Mills, Inc.,* 25 B.R. 1018 (D.C.D.N.Mex.1982), which is cited by Glatzer and involves a case under the present Bankruptcy Code, where a broader jurisdictional grant is prescribed. The District Court said:

The pre-1978 Act confined jurisdiction to "the debtor and his property, wherever located." Act of June 22, 1938, ch. 575, § 1, 52 Stat. 906 (1938). Under the new Bankruptcy Code, the jurisdictional statute provides that the bankruptcy court shall have jurisdiction "of all civil proceedings arising under title 11 or arising in or related to cases under title 11." 28 U.S.C.A. § 1471 (Supp.1982). This broader jurisdictional statute, combined with § 105(a), grants the bankruptcy court power to enjoin parties from proceeding in state court against non-bankrupts where the state proceeding is related to a case arising under Title 11.

*Id.* at 1020.

The current Bankruptcy Code now enables a Bankruptcy Court under appropriate circumstances to enjoin third parties from proceeding against parties other than the debtor where such conduct would adversely affect the debtor's reorganization. *In re Lahman Manufacturing Company, Inc.,* 33 B.R. 681, 683 (Bkrtcy.D.S.D.1983); *In re Otero Mills, Inc.,* 25 B.R. at 1021; *In re Landmark Air Fund II,* 19 B.R. 556, 559 (Bkrtcy.N.D.Ohio 1982); *In re Larmar Estates, Inc.,* 5 B.R. 328, 330–31 (Bkrtcy.E.

D.N.Y.1980). However, the instant case is governed by the former Bankruptcy Act of 1898, which compels this court to conclude that it may not permanently enjoin Merchants from satisfying its judgment against Glatzer with the attached proceeds from his personal bank account.

### CONCLUSIONS OF LAW

1. This court does not have jurisdiction under the former Bankruptcy Act of 1898 to enjoin permanently a third party from enforcing its judgment against a non-debtor principal of the Chapter XI debtor pursuant to an attachment of his personal bank account, notwithstanding that the underlying debt resulted from a guarantee of the debtor's obligations.

2. Glatzer's application for a permanent injunction restraining Merchants from applying the attached proceeds in his personal bank account in satisfaction of Merchants' judgment against him, until such time as Merchants receives all of the payments due under the debtor's plan of reorganization, must be denied.

SUBMIT ORDER on notice.