**In re SONDRA, INC., Debtor.**

**Bankruptcy No. 83–02677 T.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Nov. 15, 1984.

Daniel P. Bernstein, Melvin Lashner & Associates, Philadelphia, Pa., for debtor.

John Molnar, Bangor, Pa., for J.H. Beers, Inc.

## MEMORANDUM OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

■ The Chapter 11 debtor has filed a motion to stay one of the debtor's creditors from proceeding with a state court civil action against Stanley A. Kaplan ("Kaplan"), one of the debtor's principals.[1] The state court action was brought by the creditor, J.H. Beers, Inc. ("Beers"), prior to the debtor's bankruptcy filing and was brought against both the debtor and Kaplan. Of course, that part of the action against the debtor was automatically stayed upon the debtor's bankruptcy filing. 11 U.S.C. § 362(a). The state court action contains two counts. The first count is in assumpsit and claims that the debtor failed to pay Beers $41,551.38 for fuel oil. The second count is in trespass, is directed against Kaplan, and claims damages against Kaplan in the amount of $16,010.02. This count alleges that Kaplan knowingly made false representations of fact regarding two checks issued by him, as secretary/treasurer of the debtor, to Beers in the combined amount of $16,010.02. These checks allegedly were in partial payment of the aforementioned fuel oil obligation of the debtor. Kaplan's allegedly false representations involved his issuing these subsequently dishonored checks with knowledge that the debtor did not have the funds to cover the checks.

The debtor's stay motion claims that Beers' state court action against Kaplan constitutes an attempt by Beers to collect an unsecured alleged debt of the debtor. According to the motion, the stay should be granted because the sole purpose of Beers' state court action against Kaplan is to collect a debt of the debtor in such a way as to frustrate the bankruptcy principle of equality of distribution to all creditors of a

---

1. The debtor should have commenced the present action by filing a complaint for injunctive relief rather than by filing its stay motion. However, because the stay motion was not objected to on this basis, and in the interests of justice, we shall treat the stay motion as a complaint for injunctive relief.

given class, i.e., unsecured creditors in the present context. The debtor has not asserted any other reasons why the stay should be granted. For the following reasons, we shall deny the debtor's stay motion.[2]

■■■ We conclude that we do not have jurisdiction to enjoin Beers from proceeding against Kaplan in the state court action. In order for this Court to have jurisdiction to enjoin a creditor from proceeding with a state court action against a non-debtor, "the court must find that failure to enjoin would affect the bankruptcy estate and would adversely or detrimentally influence and pressure the debtor through that third party." *In re Otero Mills, Inc.,* 21 B.R. 777, 778 (Bankr.D.N.M.1982), *aff'd,* 25 B.R. 1018 (D.N.M.1982). The above-quoted jurisdictional test set forth in *Otero Mills* was specifically endorsed and adopted in the following cases: *In re Sentinel Energy Control Systems, Inc.,* 27 B.R. 795, 800 (Bankr.D.Mass.1983); *In re Lahman Mfg. Co., Inc.,* 33 B.R. 681, 682–83 (Bankr.D.S.D.1983); *Matter of Precision Colors, Inc.,* 36 B.R. 429, 431 (Bankr. S.D.Ohio 1984). *Also see In re Century Machine Tools, Inc.,* 33 B.R. 606, 607 (Bankr.S.D.Fla.1983); *Mahaffey v. E–C–P of Arizona, Inc.,* 40 B.R. 469, 471–72 (D. Colo.1984).

In the present case, the debtor has not alleged that Beers' state court action against Kaplan would in any way affect the debtor's bankruptcy estate or detrimentally influence and pressure the debtor through Kaplan. Indeed, the record before us gives no indication that a basis exists for such an allegation.

The debtor's sole contention is that Beers' state court action against Kaplan, if successful, could have the effect of giving Beers an advantage over other unsecured creditors of the debtor in that Beers, as opposed to at least some of the other unsecured creditors, may be able to recover from a non-debtor (Kaplan) a portion of the debt owed to Beers by the debtor. Such a result, argues the debtor, would give Beers an unfair and improper advantage over other unsecured creditors, thereby violating the Bankruptcy Code's scheme of equality of distribution to all unsecured creditors. If accepted, the debtor's reasoning would essentially result in precluding unsecured creditors from pursuing all state court actions against non-debtors where the non-debtors are allegedly liable for part or all of a debt owed by a debtor, even if the state court action in no way harmed the debtor or the debtor's bankruptcy estate. However, we determine that the debtor's reasoning has no basis in the Bankruptcy Code and would clearly be in violation of the well-established jurisdictional test set forth in *Otero Mills, supra,* and the other above-cited cases.

To the extent that *In re Alan I.W. Frank Corp.,* 19 B.R. 41 (Bankr.E.D.Pa. 1982), and *In re Herman Hassinger, Inc.,* 20 B.R. 517 (Bankr.E.D.Pa.1982), cases in which creditors were enjoined from pursuing state court criminal actions against the president and the former president of the debtor, respectively, may be interpreted as supporting the debtor's position in the present case, we find them to be unpersuasive based upon our foregoing reasoning.

In conclusion, we do not have jurisdiction to enjoin Beers from proceeding against Kaplan in the state court action based upon the record before us. Therefore, we shall deny the debtor's stay motion.

---

**2.** This Memorandum Opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.