In the Matter of NOEL MANUFACTURING COMPANY, INC., Debtor.

NOEL MANUFACTURING COMPANY, INC., Plaintiff,

v.

MARATHON MANUFACTURING COMPANY, Marathon Carey-McFall Company, a division of Marathon Manufacturing Company, Defendants.

Bankruptcy No. 84–03990.
Adv. No. 85–0001.

United States Bankruptcy Court,
N.D. Alabama, S.D.

Feb. 20, 1985.

Marvin E. Franklin, Robert B. Rubin, Charles L. Denaburg, Debtor, Jack Rivers, Birmingham, Ala., U.S. Trustee.

Marvin E. Franklin, Birmingham, Ala., for plaintiff.

Robert B. Rubin, Birmingham, Ala., for defendant.

## MEMORANDUM OPINION

STEPHEN B. COLEMAN, Bankruptcy Judge.

Noel Manufacturing Company, Inc. filed a petition under Chapter 11 on August 1, 1984, and has continued in operation of its business several months after Congress passed the Bankruptcy Amendments and Federal Judgeship Act of 1984. Upon filing, the case was automatically referred to the Bankruptcy Judge under the standing Order of Reference. Thereafter, on November 1, 1984, an action was begun by a creditor in the United States District Court, CV 84–H–2715–S, seeking a judgment against an individual, Mark G. Noel, and the said case is still pending before the United States District Court. The Debtor is not a party. On January 2, 1985, the Debtor filed with the Bankruptcy Judge an application for an injunction of the said case now pending before the United States District Judge, seeking to enjoin the Plaintiff.

Plaintiff cites the case of *In re Lorren,* 45 B.R. 584, 12 B.C.D. 549, involving cases pending under the Emergency Rule adopted by the Northern District of Alabama on December 22, 1982, which case related to referral of cases to the Bankruptcy Judges under 28 U.S.C. §§ 151–158 involving dischargeability of debts, *a core proceeding.* That case was filed prior to the 1984 Amendments. The soundness of *In re Lorren* is not questioned, but its applicability to this situation is. What is sought here is a ruling by the Bankruptcy Judge whether the general reference to the Bankruptcy Judge includes issues involved *in related matters* in a civil action filed and pending before the District Judge, after the reference of the case to the Bankruptcy Judge. Would not enjoining the plaintiff interfere and infringe the right of the District Judge to order the plaintiff to appear and plead?

It is the feeling of the Bankruptcy Judge that the District Judge should decide whether he wants the Bankruptcy Judge to also hear the new matter pending before him in the form of a civil action involving a third party *in a related proceeding* similar to the issues developed in *Northern Pipeline v. Marathon Pipeline Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). The Bankruptcy Judge does not feel that he should use his discretion without some consent or reference by the District Judge since the matter was not in existence nor included in the original reference in this case.

It has been the practice for several years when the sole defendant becomes a debtor in bankruptcy for the District Judge to

dismiss or suspend his case by his own order. Of course, where a creditor is pursuing a debtor he could get the same relief by filing a proof of claim in bankruptcy. Here a creditor is suing a third party.

It is contemplated by the 1984 Amendments that the District Judge will decide what matters he wants Bankruptcy Judges to hear. If the original Order of Reference (which is the only authority under which the Bankruptcy Judges can claim jurisdiction) is so broad that it carries matters that are later filed in the District Court then it should be the practice of the District Judge to abstain or dismiss the proceeding and refuse to hear the matter or refer it to the Bankruptcy Judge, which is well within his power. To put the matter bluntly, the Order of Reference does not give the Bankruptcy Judge the prerogative of abstracting from the District Judges cases which they are in the process of hearing. Would it not be presumptuous for the Bankruptcy Judge to tell the District Judge that "I have decided to hear the case and therefore, you cannot hear it?"

■ The Bankruptcy Judge finds that considering all of the jurisdictional sections of the Bankruptcy Amendments and Federal Judgeship Act of 1984, it can be determined that the Bankruptcy Judge has authority to hear only what the District Judge wants him to hear. Admittedly, this is a broad power and includes all *core proceedings* and perhaps most *related proceedings* even though the Bankruptcy Judge cannot make a final Order in *related proceedings*, except by consent of the parties. It is not the purpose of this Opinion to try to limit the general *Order of Reference*, except to construe it not to apply to a civil action filed against third parties before the District Judge after the original Order of Reference. It is strongly suggested that the remedy is a special Order of Reference of the new matter by the District Judge to the Bankruptcy Judge which is in effect a removal of the case by

referring it by special order[1] to the Bankruptcy Judge.

The application to enjoin should be denied with the right of the Debtor to apply for a ruling by the District Judge, although appeal is available, it should not be necessary. A simple motion or application should be sufficient.

---

1. If the point here is unduly labored, it is because attorneys are persistent that *In re Lorren*

is controlling.