**NOEL MANUFACTURING CO., INC.,
Plaintiff, Appellant,**

v.

**MARATHON MANUFACTURING CO.,
Marathon Carey-McFall Co., a Division
of Marathon Manufacturing Co., Defendants, Appellees.**

Civ. A. No. CV85–PT–0893–S.

United States District Court,
N.D. Alabama, S.D.

June 14, 1985.

Marvin E. Franklin, Birmingham, Ala., for plaintiff, appellant, for petitioner.

Robert B. Rubin, Birmingham, Ala., for defendants, appellees.

## MEMORANDUM OPINION

PROPST, District Judge.

This cause comes to be heard on an appeal from the United States Bankruptcy Court for the Northern District of Alabama. On February 15, 1985, the Bankruptcy Court dismissed a Complaint for Injunctive Relief filed by the plaintiff/appellant, which sought to enjoin the defendant/appellee from proceeding with a civil action in the United States District Court against the principal stockholder of the Debtor-in-Possession on an alleged guaranty agreement. The Bankruptcy Court held that it was without jurisdiction to hear the complaint. 46 B.R. 624. On February 25, 1985, the plaintiff/appellant filed an appeal.

The issue on appeal is: Does Section 105(a) of the Bankruptcy Code empower the Bankruptcy Court to enjoin a creditor's action against a non-debtor third party? The weight of authority appears to answer

this question in the affirmative, where the failure to do so would affect the bankruptcy estate and would adversely or detrimentally influence and pressure the debtor through that third party. *In Re Otero Mills, Inc.*, 21 B.R. 777, 778 (Bkrtcy.N.M. 1982), *aff'd,* 25 B.R. 1018 (D.N.M.1982). *See In Re Lion Capital Group,* 44 B.R. 690 (Bkrtcy.S.D.N.Y.1984) (Court stayed defendant limited partners' action filed in district court against defendant limited partnership's principals, parent companies, and general partners where defendants conceded they would seek to collaterally estop trustee from litigating issues resolved by district court and where staying said district court proceedings would avoid injury to the estate); *In Re Northlake Building Partners,* 41 B.R. 231 (Bkrtcy.N.D.Ill.1984) (Court held that because partnership was proceeding to reorganize injunctive relief was proper to prevent creditors from proceeding against the general partners individually); *In Re Emergency Beacon Corp.,* 40 B.R. 113 (Bkrtcy.S.D.N.Y.1984) (Court acknowledged that current Bankruptcy Code enables a Bankruptcy Court to enjoin third parties from proceeding against parties other than the debtor where such conduct would adversely affect the debtor's reorganization; however, this court was compelled to conclude it could not enjoin the creditors in the instant case because the case was governed by former Bankruptcy Act of 1898); *Matter of St. Petersburg Hotel Associates, LTD.,* 37 B.R. 380 (Bkrtcy.M.D.Fla.1984) (Court held that injunction was appropriate to prevent creditors from proceeding with action against non-debtor general partner on latter's guarantee); *In Re Brentano's Inc.,* 36 B.R. 90 (S.D.N.Y.1984) (Although Court held guarantor of debtor's obligation under a lease could not benefit from injunction, the court noted that it did have the power, in certain circumstances, to stay a third party action not involving the debtor); *Matter of Precision Colors, Inc.,* 36 B.R. 429 (Bkrtcy.S.D.Ohio 1984) (Court held it had jurisdiction to issue an injunction preventing creditor from attempting to collect from co-makers of one of debtor's obli-

gations); *Matter of Uiterwyk Corp.*, 36 B.R. 533 (Bkrtcy M.D.Fla.1983) (Court determined it was armed with the power to issue injunctions to prevent an action by a creditor against a co-debtor or guarantor; however, the debtor failed to meet the burden of proof); *In Re Ms. Kipps, Inc.*, 34 B.R. 91 (Bkrtcy.S.D.N.Y.1983) (Court held that jurisdictional grant, 28 U.S.C. § 1471, extends to non-debtor third-parties, including guarantors and principals of the debtor; in the instant case the court stayed an action against the debtor's president); *In Re Century Machine Tools, Inc.*, 33 B.R. 606 (Bkrtcy.S.D.Fla.1983) (Court recognized that it has jurisdiction and discretion to enjoin collection effort against a third party if these efforts would impair a debtor's ability to reorganize; however, in the present case, the debtor's president and major shareholder failed to meet burden of proof); *In Re Lahman Manufacturing Company, Inc.*, 33 B.R. 681 (Bkrtcy.S.D. 1983) (Court held it had jurisdiction over proceeding and enjoined the creditor from further proceedings against the principal shareholders and officers of the debtor to collect on personal guarantees of debtor-corporate obligations); *Matter of Old Orchard Investment Co.*, 31 B.R. 599 (W.D. Mich.1983) (District Court held that Bankruptcy Court had equitable power to enjoin creditor from instituting collection proceeding against individual partners of bankrupt partnership); *In Re Otero Mills, Inc.*, 21 B.R. 645 (Bkrtcy.N.M.), *aff'd*, 25 B.R. 1018 (D.N.M.1982) (District Court held that Bankruptcy Court had power to enjoin creditor from proceeding against debtor's president and shareholder as guarantor of the debtor's corporate obligations); *In Re Landmark Air Fund II*, 19 B.R. 556 (Bkrtcy.N.D.Ohio 1982) (Court held that it possesses ample power to enjoin creditor from enforcing its judgment against individual general partners of bankrupt partnership as guarantors); *In Re Brothers Coal Company, Inc.*, 6 B.R. 567 (Bkrtcy.

W.D.Va.1980) (Court found authority to enjoin creditor's claim against debtor's guarantor). *Cf. In Re Sondra, Inc.*, 44 B.R. 205 (Bkrtcy.E.D.Pa.1984) (court held it lacked jurisdiction to enjoin creditor from proceeding in state court action for false representation against one of debtor's principals).

Based on the foregoing, the court is of the firm conviction that the Bankruptcy Court had jurisdiction to consider the issuance of an injunction. The suit brought by Marathon Manufacturing Company against Mark G. Noel is related to the Title 11 proceeding in that Noel is the principal shareholder of the bankrupt corporation and an alleged guarantor of its debt. The court, however, is not deciding, based on these particular facts, whether or not an injunction should actually be issued. The burden is on the debtor/plaintiff to prove the necessary elements in order to receive injunctive relief.[1]

Accordingly, the decision of the Bankruptcy Court is REVERSED and REMANDED for further proceeding.

---

**1.** In *In Re Otero Mills, Inc.*, 25 B.R. 1018 (D.N.M. 1982), the District Court held:

> In order for the Court to enjoin a creditor's action against a codebtor or guarantor, the debtor must show: 1) irreparable harm to the

bankruptcy estate if the injunction does not issue; 2) strong likelihood of success on the merits; and 3) no harm or minimal harm to the other party or parties.

25 B.R. at 1021.