In re SWANN GASOLINE
COMPANY, et al, Debtor.

SWANN GASOLINE COMPANY, et
al, Plaintiff,

v.

AMOCO OIL COMPANY, Defendant.

Bankruptcy No. 84–01686 T.
Adv. No. 86–0003.

United States Bankruptcy Court,
E.D. Pennsylvania.

July 1, 1986.

David N. Bressler, Pincus, Verlin, Hahn & Reich, Philadelphia, Pa., for debtor.

John A. Guernsey, DeStafano & Guernsey, Philadelphia, Pa., for Amoco.

## MEMORANDUM

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

In this adversary proceeding, the debtor seeks to enjoin Amoco Oil Company ("Amoco") from proceeding with its civil action in the United States District Court for the Eastern District of Pennsylvania against Leonard A. Swann, Jr., John B. Maher, and Michael J. Burke, officers and employees of the debtor.[1] The gravamen of the debtor's complaint for injunctive relief appears to be that the aforementioned officers' defense of the District Court action would seriously impair the debtor's day-to-day operation and efforts to reorganize by diverting the officers from their duties with the debtor. The debtor alleges that Amoco's intent in suing the three officers "is solely to bring pressure in an attempt to bring about a better payment of its pre-petition indebtedness." (debtor's complaint, paragraph 13). Amoco is a creditor of the debtor.

It is well-established that a bankruptcy court does not have jurisdiction to enjoin a creditor from proceeding with a state court or federal court action against a non-debtor unless failure to so enjoin would affect the bankruptcy estate and would adversely or detrimentally influence and pressure the debtor through the non-debtor. *In re Otero Mills, Inc.*, 21 B.R. 777, 778 (Bankr.D.N.M.1982), *aff'd*, 25 B.R. 1018 (D.N.M.1982); *In re Sondra, Inc.*, 44 B.R. 205, 207 (Bankr.E.D.Pa.1984); *In re Sentinel Ener-*

---

1. This Memorandum constitutes the findings of fact and conclusions of law to the extent required by Bankruptcy Rule 7052.

*gy Control Systems, Inc.,* 27 B.R. 795, 800 (Bankr.D.Mass.1983); *In re Lahman Mfg. Co., Inc.,* 33 B.R. 681, 682–83 (Bankr.D.S. D.1983); *Matter of Precision Colors, Inc.,* 36 B.R. 429, 431 (Bankr.S.D.Ohio 1984); *Also see In re Century Machine Tools, Inc.,* 33 B.R. 606, 607 (Bankr. S.D.Fla. 1983); *Mahaffey v. E–C–P of Arizona, Inc.,* 40 B.R. 469, 471–72 (D.Colo.1984).

Although there has been a hearing on this matter and the parties thereafter submitted briefs, we are unclear as to the basis or bases upon which the debtor has attempted to satisfy the above jurisdictional test. Our confusion is caused, at least in part, by the debtor's obvious misreading of the jurisdictional test. The debtor, although purporting to agree with this jurisdictional test, specifically as set forth in *In re Sondra, Inc., supra,* states that the test is satisfied if the failure to enjoin would affect the bankruptcy estate *or* would adversely or detrimentally influence and pressure the debtor through the non-debtor. (debtor's post-hearing brief, page 9). Of course, contrary to the debtor's belief, the test is very clearly in the conjunctive rather than the disjunctive.

The debtor apparently suggests that our failure to enjoin would affect the bankruptcy estate because the officers' defense of the District Court action would significantly divert them from their duties with the debtor, thereby seriously impairing the debtor's day-to-day operation and efforts to reorganize. This theory may be relevant to the jurisdictional test in some situations. However, in the present matter, the debtor has pointed to no specific evidence whatsoever to support its theory, and we find that the record does not contain sufficient evidence in this regard.

Even assuming *arguendo,* however, that we believe that our failure to enjoin would affect the bankruptcy estate, we conclude that our failure to enjoin would not adversely or detrimentally influence and pressure the debtor through the three non-debtor officers. In the first place, it is unclear whether the debtor is even arguing this element of the jurisdictional test. The debtor does not specifically argue it in its posthearing brief nor does it point therein to any specific evidence whatsoever pertaining to this element. Furthermore, the debtor states at page 9 of its post-hearing brief: "All that is required [for jurisdiction to enjoin] is that there be a showing that the prosecution in the Federal Court action would, irrespective of detrimental influence and pressure, affect the Debtor's bankruptcy estate." This statement, of course, is based upon the debtor's aforementioned misreading of the jurisdictional test.

Secondly, even if we assume that the debtor is arguing this "detrimental influence" element of the jurisdictional test, it is difficult to ascertain precisely what its argument is. The debtor's argument may well be that Amoco's continuation of its District Court suit would reasonably pressure the debtor into somehow favoring Amoco over its other creditors. However, we find that the debtor has not produced any substantial evidence in this regard nor does it, as indicated *supra,* argue that it has. Therefore, we need not examine the merits of the theory behind this presumed argument.

For all of the foregoing reasons, we conclude that we do not have jurisdiction to enjoin Amoco from proceeding with its District Court action against Leonard A. Swann, Jr., John B. Maher, and Michael J. Burke.