731 F.2d 523
 116 L.R.R.M. (BNA) 2331, 17 Ed. Law Rep. 71
 Estella ROBERTS and Bertha Burden, Appellants,
v.
VAN BUREN PUBLIC SCHOOLS; James R. Tate and James Starbird,
Individually and as Superintendent and Principal of Van
Buren Public Schools; and Gene Neidecker, President; C.J.
Franklin; Iverson Riggs; Ray Nelson; Darral Sparkman;
Dr. Robert Darden; Otis Arnold and Robert Daugherty,
Individually and as a member of the Board of Directors of
the Van Buren Public Schools, Appellees.
 No. 83-1457.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Nov. 18, 1983.
Decided March 27, 1984.
 
 Richard W. Roachell, Marcia Barnes, Cearley, Mitchell & Roachell, Little Rock, Ark., for appellants.
 Ben Core, Daily, West, Core, Coffman & Canfield, Fort Smith, Ark., for appellees.
 Before HEANEY and McMILLIAN, Circuit Judges, and COLLINSON,* Senior District Judge.
 McMILLIAN, Circuit Judge.
 
 
 1
 Estella Roberts and Bertha Burden, former nontenured teachers in the Van Buren Public Schools (School District) whose contracts were not renewed, appeal from a final order entered in the District Court[1] for the Western District of Arkansas denying their motion for a preliminary injunction requiring the School District to reinstate them. For reversal appellants argue that the district court erred in finding (1) that appellants would not suffer irreparable harm if the injunction were not granted and (2) that appellants were not likely to succeed on the merits of their action brought under 42 U.S.C. Sec. 1983 claiming violation of their first, fifth and fourteenth amendment rights in the nonrenewal of their teaching contracts. For the reasons discussed below, we affirm the order of the district court.
 
 
 2
 Appellant Roberts began teaching for the School District in the 1979-80 school year; appellant Burden began in the 1980-81 school year. Both were nontenured fifth grade teachers at the City Heights Elementary School under the supervision of Principal James Starbird. At the end of each school year, Starbird would evaluate the teachers under his supervision using written evaluation forms. The forms would be submitted to Superintendent of Schools, James R. Tate, who in turn would submit them to the Board of Directors of the School District along with recommendations regarding contract renewals. Both appellants were given a rating of satisfactory in every category of their 1980-81 teaching evaluations and were rehired for the 1981-82 school year.
 
 
 3
 Appellants were active members in the local teachers organization which was affiliated with a statewide organization (the Arkansas Education Association) and a national organization (the National Education Association). Both engaged in recruiting efforts on behalf of the organization and participated in organization meetings and seminars. During the 1981-82 school year, appellant Roberts served as vice-president and faculty representative of the organization.
 
 
 4
 On May 21, 1981, after the teaching evaluations for that year had been completed, appellants and another fifth grade teacher submitted two written grievances to Starbird on matters of concern to them which they wished to discuss with Starbird. They used written grievance forms developed by the teachers organization. These were the first written grievances ever filed in the School District and the record leaves little doubt that both Starbird and Tate, to whom Starbird referred the grievance, did not approve of this procedure.
 
 
 5
 On April 26, 1982, Starbird prepared the written teaching evaluations covering the 1981-82 school year. On appellant Roberts' evaluation, eleven of the twenty-one categories were marked "needs improvement"; on appellant Burden's evaluation, ten categories were so graded. Starbird indicated on both forms that he did not recommend renewal of the teachers' contracts[2] and requested that in the event of contract renewal, neither teacher be reassigned to his school. Tate reviewed these written evaluations and recommended to the Board of Directors that appellants' contracts not be renewed. On May 11, 1982, at its meeting to consider contract renewals, the Board voted unanimously not to renew appellants' contracts for the 1982-83 school year. Upon notification of this decision, appellants requested but were denied hearings on the matter.
 
 
 6
 On August 13, 1982, appellants filed this suit against the School District, Starbird, Tate and the members of the Board, individually and in their official capacities, seeking money damages as well as declaratory and injunctive relief. Appellants claimed that (1) the nonrenewal of their contracts was motivated by their union activities including filing grievances and, as such, was in violation of their first amendment right of freedom of speech and association, and (2) the termination of their employment coupled with the stigma to their reputations resulting from the derogatory evaluations placed in their personnel files was a deprivation of liberty without due process in violation of their fifth and fourteenth amendment rights. Appellants also asserted claims based on Arkansas state law.
 
 
 7
 Accompanying appellants' complaint was a motion for a preliminary injunction requiring that they be reemployed as teachers in the School District pending trial upon the merits. This motion was referred to a magistrate pursuant to 28 U.S.C. Sec. 636(b)(1)(B) (1976). Following a three-day hearing and submission of briefs by both sides, the magistrate recommended that the motion be denied, finding no threat of irreparable harm to appellants and little likelihood that appellants would succeed on the merits. The magistrate's findings and recommendation were adopted by the district court and this appeal followed.
 
 
 8
 We note at the outset that this case is before us only as an appeal from the denial of preliminary injunctive relief, not from a decision on the merits. Our review of a district court's denial of a preliminary injunction is limited. The granting or denial of a preliminary injunction is properly a matter within the sound discretion of the trial court and the function of an appellate court is limited to determining whether there has been an abuse of this discretion. Minnesota Association of Health Care Facilities v. Minnesota Department of Public Welfare, 602 F.2d 150, 152 (8th Cir.1979); Planned Parenthood of Minnesota, Inc. v. Citizens for Community Action, 558 F.2d 861, 866 (8th Cir.1977).
 
 
 9
 In Dataphase Systems, Inc. v. C L Systems, Inc., 640 F.2d 109 (8th Cir.1981) (banc), this court clarified the standard to be applied by the district court in considering requests for preliminary injunctive relief. Whether a preliminary injunction should issue involves consideration of four factors: "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." Id. at 113. We recognized that in all cases the movant is required to show the threat of irreparable harm and that the absence of such a showing is alone sufficient ground for denying the preliminary injunction. Id. at 114 n. 9 (citing Rittmiller v. Blex Oil, Inc., 624 F.2d 857, 861 (8th Cir.1980); Frejlach v. Butler, 573 F.2d 1026, 1027 n. 4 (8th Cir.1978)).
 
 
 10
 In the instant case, the basis of appellants' complaint is the loss of their jobs and it is this injury which appellants seek to avoid through their request for preliminary injunctive relief. Should appellants prevail on the merits of their action they would be entitled to reinstatement and backpay relief. Because such relief would offer a complete remedy, the requirement of irreparable harm upon which a preliminary injunction must be based is not met. See McDonough v. Trustees of the University System of New Hampshire, 704 F.2d 780, 784 n. 2 (1st Cir.1983).
 
 
 11
 The district court's denial of appellants' motion for a preliminary injunction was, therefore, not an abuse of discretion.[3]
 
 
 12
 Accordingly, we affirm the order of the district court.
 
 
 
 *
 The Honorable William R. Collinson, United States Senior District Judge for the Eastern and Western Districts of Missouri, sitting by designation
 
 
 [1]
 The Honorable H. Franklin Waters, Chief Judge, United States District Court for the Western District of Arkansas
 
 
 [2]
 Starbird stated as follows with respect to Plaintiff Roberts:
 This teacher has demonstrated consistently poor rapport with administration, other teachers, staff, parents, and members of the Parent-Teacher Association. Her recruitment efforts in behalf of the state educational association have often attempted to create poor relations between administration and faculty, instead of cooperation for the good of the children. Her relations with parents have led to apologies on behalf of the school for her harsh uncompromising point of view. She is never wrong. Attempts to improve the situation led her to hand me some type of grievance form accusing me of lack of adequate explanation, dishonesty, and an implied threat of legal action by the educational association. She has a high rate of requests from parents not to assign her their children. Special Services has requested that children in their program not be assigned to her.
 With respect to Plaintiff Burden:
 According to comments from parents of students assigned to this teacher the classroom atmosphere is excessively harsh, uncompromising, and lacking in adequate instruction for assigned tasks. I have attempted to persuade her to ease up and was handed some type of grievance form accusing me of lack of adequate explanation, dishonesty, and an implied threat of legal action, instead of an honest attempt to alleviate the deteriorating situation. This teacher turned in over eighty reports of discipline last year, and has one of the highest request rates from parents not to assign her their children.
 
 
 [3]
 The district court also found that appellants' likelihood of success on the merits was slim. As recognized by the district court, the law controlling appellants' claim that their nonrenewal offended the first amendment is set out in Mt. Healthy City School District Board of Education v. Doyle, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). In that case, the Court first reaffirmed that a nonrenewed, nontenured teacher may establish a claim to reinstatement if the decision not to rehire the teacher was made by reason of the teacher's exercise of constitutionally protected first amendment freedoms. Id. at 283-84, 97 S.Ct. at 574-75. However, the Court held that even if the teacher shows that his or her constitutionally protected conduct "was a 'substantial factor'--or, to put it in other words, that it was a 'motivating factor' in the Board's decision not to rehire," id. at 287, 97 S.Ct. at 576, that decision would not amount to a constitutional violation justifying remedial action where the Board establishes "by a preponderance of the evidence that it would have reached the same decision ... even in the absence of the protected conduct." Id
 Applying this test to the case at bar, the district court found the evidence "almost overwhelming" that the nonrenewal decision would have been made in the absence of appellants' union activities and grievances filing. The district court found that the reason Starbird and Tate decided not to recommend renewal of appellants' contracts was the lack of regard for appellants by a large number of parents and teachers at their school.
 The determination of the legal issues raised by appellants is inextricably intertwined with resolution of factual disputes. While we express no opinion as to the ultimate outcome of this case, we note with approval the reasoning and holding of the Sixth Circuit in Hickman v. Valley Local School District Board of Education, 619 F.2d 606 (6th Cir.1980). The court there held that where a personality conflict between a teacher and principal and a decline in teaching evaluations given the teacher by the principal were traceable to the teacher's union activities, neither the conflict nor the decline could justify dismissal of the teacher. Id. at 610.