Frankie Levi Cole, pro se.

Sharon M. Lindgren, Asst. Atty. Gen., Lincoln, Neb., for appellees.

Before HEANEY, Circuit Judge, HENLEY, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

PER CURIAM.

Frankie Levi Cole, an inmate of the Nebraska State Penitentiary, filed an action under 42 U.S.C. § 1983 seeking temporary and preliminary injunctive relief as well as damages for the failure or refusal of prison management to place Cole in a cell in which he will be free from harassment and annoyance by other prisoners. From a denial of such injunctive relief, Cole appeals.[1] We affirm.

---

**Frankie Levi COLE, Appellant,**

v.

**Charles L. BENSON, Frank O. Gunter, Charles Black, Lynn Wright, Adelbert W. Knight, Mario Peart, John T. Eggers, Steven L. Phillips, Appellees.**

No. 85–1051.

United States Court of Appeals, Eighth Circuit.

Submitted March 28, 1985.

Decided April 26, 1985.

Rehearing Denied May 28, 1985.

---

1. The issue of damages, and perhaps other issues, remain pending before the District Court for the District of Nebraska.

After Cole was involved in an encounter with a prison official, he was assigned to an "adjustment center" or "administrative segregation" area. He has continued to have difficulty with cellmates who appear to dislike him and ones whose personal habits are annoying to him. At times some personal violence or threats of violence may be involved.

The prison appears to suffer to some extent from overcrowding so that single cells are not available for Cole, and he alleges that unlike some other prisoners he is not allowed to choose the inmates with whom he will be celled. He complains of improper procedural guidelines, and harassment by penitentiary employees as well.

As stated in appellant's brief, the contest in this appeal "specifically involves the placement of two people in a one-man cell when there is alleged to be the overt presence of a personality conflict and other animosity between those two individuals; and this being done when there is a reasonable alternative which could be used to circumvent this degree of coercively [sic] mismatching the inmates who have been designated to be forcibly housed together."

In passing upon this aspect of the case the district court[2] said in part:

It is true, as pointed out by the magistrate, that it is not the function of this court to interfere in the day-to-day running of the penitentiary; placement of the inmates in cells is left to the discretion of prison officials. Moreover, an inmate does not have a constitutional right, as suggested by the plaintiff, to be placed in a cell "and then when they find someone who is agreeble ... [he] will abide by their rules." A continuing disagreement with the prison officials does not amount to the "irreparable harm" contemplated by *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109 (C.A. 8th Cir.1981).

The Eighth Circuit has held that although prisoners do enjoy narrowly defined liberty interests, "[a]mong the liberties which prisoners do not enjoy is choice of cells." *Lyon v. Farrier*, 727 F.2d 766, 768 (8th Cir.) (per curiam), *cert. denied*, —— U.S. ——, 105 S.Ct. 140, 83 L.Ed.2d 79 (1984). *See Hewitt v. Helms*, 459 U.S. 460, 466–70, 103 S.Ct. 864, 869–70, 74 L.Ed.2d 675 (1983).

Appellant concedes in effect that he has no right to be placed in a particular cell, but asserts that he has the right *not* to be consciously placed within a cell where open animosity with its potential consequences must be faced and endured.

Facially at least there may be some merit to appellant's position. Both he and the prison authorities may well have problems and it well may be true that both he and the prison management should reevaluate their positions.

However, this appeal from denial of injunctive relief we review under an abuse of discretion standard. *E.g., Roberts v. Van Buren Public Schools*, 731 F.2d 523, 526 (8th Cir.1984). So limited we are unpersuaded that the district court improperly applied the standards for granting preliminary relief set forth in *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109 (8th Cir.1981) (en banc).

Finally, where, as here, appellant invokes the eighth amendment, we observe that the role of the federal court is to enforce the constitutional standard without assuming superintendence of jail administration. *Sampson v. King*, 693 F.2d 566, 568 (5th Cir.1982). And this is particularly true on application for temporary or preliminary relief concerning double-celling. *See generally* Smolla, *Prison Overcrowding and the Courts: A Roadmap for the 1980s*, 1984 U.Ill.L.Rev. 389.

Without prejudice to any relief ultimately to be awarded, the judgment denying temporary and preliminary injunctive relief is affirmed.

**2.** The Honorable Warren K. Urbom, Chief Judge, United States District Court, District of Nebraska.