Kathleen V. MORSE, Respondent,

v.

**CITY OF WATERVILLE, et al., Appellants.**

No. C5–90–609.

Court of Appeals of Minnesota.

Aug. 7, 1990.

Review Denied Sept. 28, 1990.

John H. McLoone, IV, McLoone Law Offices, Waseca, for respondent.

Robert M. Greising, Greising Law Offices, P.A., Waterville, for appellants.

Considered and decided by SCHUMACHER, P.J., and HUSPENI and SHORT, JJ.

## OPINION

SHORT, Judge.

This case involves the termination of a public employee in a rural community. On appeal, the City of Waterville and members of its city council argue the trial court

abused its discretion in granting temporary injunctive relief. We agree and reverse.

## FACTS

Kathleen V. Morse has worked as the city clerk of Waterville since April of 1984. Morse supervised other city employees, prepared minutes of city council meetings, and recorded financial transactions between the city and the general public. In May of 1988, Morse received a Certificate of Appreciation from the city.

On September 5, 1989, several citizens complained to the city council about Morse's conduct in office. It is disputed whether these complaints were ever discussed with Morse. In October of 1989, Morse received an oral reprimand for her personal use of the city telephone. After reviewing the complaints, the city council voted in January of 1990 to immediately suspend Morse without pay. This action was taken without any public discussion and in contravention of the city's own disciplinary policy. Morse was informed that suspension was necessary pending an investigation of the complaints and allegations against her.

Morse immediately filed this lawsuit seeking both injunctive and monetary relief. She alleged that her suspension without pay was tantamount to a termination and would cause her a "substantial personal disruption" if an injunction were not issued. The trial court granted a temporary injunction, restraining the city from suspending or terminating Morse pending the outcome of the case.

## ISSUE

Did the trial court abuse its discretion in granting the temporary injunction?

## ANALYSIS

 The grant of a temporary injunction is an extraordinary remedy, left largely a matter of judicial discretion. *Eakman v. Brutger*, 285 N.W.2d 95, 97 (Minn.1979). The purpose of the injunction before trial is to preserve the status quo until the matter can be adjudicated on its merits. *Picke-*

*rign v. Pasco Marketing, Inc.*, 303 Minn. 442, 444, 228 N.W.2d 562, 564 (1975). On appeal, the sole issue is whether the trial court clearly abused its discretion in granting the temporary injunction. *See Miller v. Foley*, 317 N.W.2d 710, 712 (Minn.1982).

 Whether an injunction should issue involves consideration of five factors:

(1) The nature and background of the relationship between the parties preexisting the dispute giving rise to the request for relief.

(2) The harm to be suffered by plaintiff if the temporary restraint is denied as compared to that inflicted on defendant if the injunction issues pending trial.

(3) The likelihood that one party or the other will prevail on the merits when the fact situation is viewed in light of established precedents fixing the limits of equitable relief.

(4) The aspects of the fact situation, if any, which permit or require consideration of public policy expressed in the statutes, state and federal.

(5) The administrative burdens involved in judicial supervision and enforcement of the temporary decree.

*Dahlberg Brothers, Inc. v. Ford Motor Co.*, 272 Minn. 264, 274–75, 137 N.W.2d 314, 321–22 (1965) (footnotes omitted). *See also Miller*, 317 N.W.2d at 712. The equitable policy against enforcing a personal services contract requires an extraordinarily strong showing of harm to justify a temporary injunction. *See Sampson v. Murray*, 415 U.S. 61, 83–84, 94 S.Ct. 937, 949–50, 39 L.Ed.2d 166 (1974); *Miller*, 317 N.W.2d at 712. The failure to show irreparable harm is, by itself, a sufficient ground upon which to deny a preliminary injunction. *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 418 (8th Cir.1987); *Roberts v. Van Buren Public Schools*, 731 F.2d 523, 526 (8th Cir.1984). The fact that the payment of monies is involved does not automatically preclude a finding of irreparable harm. *See United Steelworkers of America v. Fort Pitt Steel Casting*, 598 F.2d 1273, 1280 (3rd Cir.1979). The injury must be of such a nature that money alone could

not suffice. *Morton v. Beyer*, 822 F.2d 364, 372 (3rd Cir.1987).

 In the present case, the trial court properly considered and made findings on all the *Dahlberg* criteria. The finding that Morse would suffer irreparable harm, however, is conclusory and without record support. If the injunction were not issued, Morse would undoubtedly suffer the financial woes and emotional stresses occasioned by sudden unemployment. Her vested rights in retirement benefits, vacation and sick leave, health insurance and seniority would all be at risk. The circumstances surrounding her departure could cast a shadow of suspicion on her reputation. This suspicion may be heightened by the close nature of the rural community and Morse's role in city administration. While we do not dispute the enormity of the circumstances facing Morse, those circumstances are insufficient to warrant the extraordinary remedy of interim injunctive relief.

The "substantial personal disruption" that will befall Morse is no different than that suffered by any person facing an unanticipated suspension or layoff from work. *See Sampson*, 415 U.S. at 91–92, 94 S.Ct. at 953; *Miller*, 317 N.W.2d at 713. The record is devoid of any alleged extraordinary circumstances or other support for the trial court's finding of irreparable harm. The injury claimed by Morse is primarily economic. Indeed, this is made more evident considering the relief she seeks in her complaint. Both reinstatement and back pay are available if Morse is successful on her claims. *See Roberts*, 731 F.2d at 526; *Miller*, 317 N.W.2d at 713. Although some as yet undisclosed allegations have been lodged against her, an investigation of those allegations has commenced. Should the investigation prove those allegations unfounded, Morse would be entitled to the relief she seeks. Because such relief would offer a complete remedy, the requirement of irreparable harm, upon which a preliminary injunction must be based, is not met. *Roberts*, 731 F.2d at 526. The trial court, therefore, clearly abused its discretion in granting a temporary injunction because there was no extraordinarily strong showing that irreparable harm was threatened. Discussion of the other issues raised by the city would be unnecessary.

## DECISION

The harm suffered by Morse is no different than that suffered by any other terminated employee. The trial court abused its discretion in granting a temporary injunction because Morse made no extraordinarily strong showing of harm warranting injunctive relief.

Reversed.