In re REGENCY REALTY
ASSOCIATES, Debtor.

REGENCY REALTY ASSOCIATES,
Plaintiff,

v.

HOWARD FERTILIZER, INC.; Agrisales, Inc.; Bell Irrigation, Inc.; Chuck St. John & Associates, Inc.; Combs Oil Company; Farmers Supply, Inc.; CT Film; Hendrix & Dail, Inc.; Labelle Plant World; Lykes Agrisales, Inc.; Producers Fertilizer Company; Redi–Plants Corporation; and Coastal Fertilizer & Supply, Inc., Defendants.

Bankruptcy No. 94–11229–9P1.
Adv. No. 95–14.

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

Feb. 3, 1995.

**718**

Allan C. Watkins, Tampa, FL, for plaintiff.

Andre Peron, Bradenton, FL, Hendrix & Dail, Inc.

Cathy S. Reiman, Naples, FL, Howard Fertilizer, Inc.

John H. Mueller, Tampa, FL, Lykes Agrisales, Inc.

Robert C. Gebhardt, Naples, FL, Coastal Fertilizer & Supply.

Jeff Leasure, Ft. Myers, FL, Farmers Supply Co.

Steven I. Winer, Ft. Myers, FL, Producers Fertilizer.

M. Vandervalk, Dallas, TX, CT Film.

### ORDER ON EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 case originally commenced by an Involuntary Petition filed against Regency Realty Associates, a general partnership, on November 17, 1994 by Farmer's Supply, Inc., Coastal Fertilizer & Supply, Inc. and Howard Fertilizer Co., Inc. By consent, this Court entered an Order for Relief on December 19, 1994. On December 23, 1994, upon the request of the Debtor, this Court entered an Order and converted the case to a case under Chapter 11 of the Bankruptcy Code.

The matter under consideration is an Emergency Motion for Temporary Restraining Order filed by the Debtor in the above-captioned adversary proceeding. In its Motion the Debtor alleges that the Debtor's assets are insufficient to satisfy all claims against the Debtor in full; that there are a number of creditors pursuing the general partners and attempt to obtain judgments or to enforce judgments against the assets of the general partners; and that separate proceedings by individual creditors against the general partners "will cause an inequitable and disorderly distribution of the assets contrary to that contemplated by the Bankruptcy Code." The relief sought is for the purpose of maintaining the status quo while the Debtor proposes its plan of reorganization.

While the Complaint was verified in which the Debtor sought injunctive relief, the emergency Motion was not nor was it supported by affidavit. On January 12, 1995, the Clerk issued the Summons and served the parties named in the Certificate of Service. The Court promptly scheduled a hearing with notice to all defendants named in the Complaint. At the hearing the Court heard argument of counsel, considered the record and is satisfied that the following facts are without dispute and based on the same, and on the motion under consideration, the same does not warrant to grant the relief sought for the following reasons:

The Debtor, a general partnership, is the owner of a large tract of land located in South Florida formerly operated as farm land. Ernest B. Tavilla, Joseph P. Tavilla, Paul J. Tavilla, Richard J. Tavilla and Stephen Tavilla all hold 10% interest in the partnership and Mr. Cecil Hall owns 50%. The Tavillas are citizens of Massachusetts and they are the general partners who have been sued in Massachusetts by several creditors, some of them in fact obtained a final money judgments against them.

The record reveals that on January 3, 1995, the Debtor filed its Disclosure Statement and its Liquidating Plan of Reorganization. It is the contention of the Debtor that the Tavillas are entitled to protection because, according to the Complaint for Injunctive Relief, some or all the general partners of the Debtor intend to contribute to the settlement of the debts of the Debtor and if creditors are permitted to proceed to enforce their judgments against the assets of the general partners, their assets will be depleted which would be injurious to all creditors and the unsecured creditors will suffer irreparable injury. (sic).

In opposition to the relief requested, Lykes Agrisales, Inc., a named defendant, pointed out that none of the requisite elements for injunctive relief have been pled; that there is no factual or legal justification to protect the general partners in light of the fact that the Debtor's plan admittedly is a total liquidation. On the contrary, it is pointed out by others present that to the extent that creditors are able to obtain either a complete or partial satisfaction of their claims against the general partners, their claims against the estate of the Debtor would be reduced which, in turn, might enable the other creditors who did not obtain a judgment to receive full or at least a substantial satisfaction of their claims out of the proceeds of liquidation of the assets of the Debtor.

The relief sought is pursuant to § 105 of the Code which authorizes the Court to issue such orders, processes or judgments that are necessary to carry out the provisions of Title 11. The power granted by § 105 has been frequently misused and it is clear it is not an independent source of power but merely a power granted to enforce other provisions of the Code. It is merely a restatement in the bankruptcy context of the All Writ Statute, 28 U.S.C. § 1651 which enables a court of the United States to assure that its orders are carried out and implemented. The foregoing should not be interpreted, however, that the power granted by this Section is unlimited and grants the bankruptcy court carte blanche power to enter orders which otherwise do not have any independent statutory basis or authorization by the Rules.

There is persuasive authority to support the proposition that in a Chapter 11 reorganization case the Bankruptcy Court may use its power granted by § 105 to temporarily protect non-debtors by injunctive relief. The classic scenario which warrants such relief is an affirmative showing with competent proof that the non-debtors sought to be protected (1) have the financial wherewithal and (2) they are willing to contribute their credit, funds or properties to fund the plan of reorganization of the Debtor. *In re American Hardwoods, Inc.,* 885 F.2d 621 (9th Cir.1989); *Noel Manufacturing Co., Inc. v. Marathon Manufacturing Co.,* 69 B.R. 120 (N.D.Ala.1985); *In re Hillsborough Holdings Corp.,* 123 B.R. 1004 (Bankr.M.D.Fla.1990); *In re Kasual Kreation, Inc.,* 54 B.R. 915 (Bankr.S.D.Fla.1985); *In re St. Petersburg Hotel Associates, Ltd.,* 37 B.R. 380 (Bankr. M.D.Fla.1984); *In re Otero Mills, Inc.,* 21 B.R. 777 (Bankr.D.N.M.), aff'd, 25 B.R. 1018 (D.C.D.N.M.1982).

█ The second scenario involves a corporation where the sole principal in charge of the affairs of the corporation is entitled to protection because in the absence of the protection sought the principal will not be able to devote his or her time to the affairs of the Debtor and is entitled to a breathing spell and free from lawsuits and the attendant time consuming participation in discovery process which would prevent him or her to formulate a plan of reorganization and ultimately achieve rehabilitation. *In re Steven P. Nelson, D.C., P.A.,* 140 B.R. 814 (Bkrtcy. M.D.Fla.1992).

█ It does not need any special emphasis to point out that a temporary restraining order or a preliminary injunction are extraordinary and drastic remedies which may be granted only upon a clear and convincing showing that the movant has carried its heavy burden on each element required by F.R.Civ.P. 65 as adopted by F.R.B.P. 7065. *In re Costa and Head Land Company,* 68 B.R. 296, 304 (Bankr.N.D.Ala.1986). In order to obtain the relief sought, the Debtor must show with requisite degree of proof: (1) a substantial likelihood of success on the merits; (2) that the movant will suffer irreparable injury unless an injunction issues; (3) that the threatened injury to the movant outweighs any damage the injunction may cause the opposing party; and (4) that the injunction would not adversely affect the public interest. See *Zardui–Quintana v. Richard,* 768 F.2d 1213, 1216 (11th Cir.1985); *Callaway v. Block,* 763 F.2d 1283, 1287 (11th Cir.1985).

█ Even a cursory reading of the Motion under consideration without any formal proof leaves no doubt that the Debtor is not entitled to the relief sought for the following reasons:

First and foremost, the Debtor's plan is a total liquidation plan thus there is no need for the general partners to lend their credit, infuse capital or pledge their assets to assist to carry out the liquidation plan. Second, it is not even pled in the Motion or in the Complaint that in fact they have any properties which they are willing to commit even assuming the plan may be changed to be a reorganization plan which currently certainly is not in the picture. Moreover, as pointed out earlier, if the defendants in this adversary proceeding are able to obtain full or partial satisfaction of their claims from the general partners, this would, in turn, indirectly benefit the other creditors because their share from the proceeds of the liquidation would be enhanced to the extent the claims of the defendants are either eliminated or substantially reduced. The only possible argument which could be made in support of the relief sought is that in the relief sought the orderly administration of the estate would be disputed and permit the race to the courthouse if the relief is not granted. Even this argument fails to bear a close analysis and has no factual support in this record because if the relief is not granted, it will have no possible impact on this Debtor to liquidate its assets because the possible dismemberment of assets may be the assets of the general partners and not of the Debtor.

In sum, this Court is satisfied that the relief sought is without any factual or legal basis and for this reason it is appropriate not only to deny the immediate relief sought but also to dismiss the Complaint for injunctive relief.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Emergency Motion for Temporary Restraining Order be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that the Complaint be, and the same is hereby, dismissed.

DONE AND ORDERED.