### In re ANGRAM BUSINESS SERVICES, INC.,
### Debtor.

**Angram Business Services, Inc.; Angram, Inc.; Angram Tax Lien Services, Inc., LLC.; Municap, 1999–II, LLC.; and Taxlink Financial, Inc., Plaintiffs,**

**v.**

**The City of Waterbury, Connecticut, a Connecticut municipality, Defendant.**

**Bankruptcy No. 00–30367–BKC–SHF.**
**Adversary No. 00–33122–BKC–SHF–A.**

United States Bankruptcy Court, S.D. Florida, West Palm Beach Division.

July 3, 2000.

Leslie Cloyd, Berger, Davis & Singerman, Fort Lauderdale, FL, for Debtor.

L. Louis Mrachek, West Palm Beach, FL, for defendant.

### ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

STEVEN H. FRIEDMAN, Bankruptcy Judge.

This matter came on for hearing on June 26, 2000, upon the Debtor's Motion for Temporary Restraining Order and Preliminary Injunction ("Motion") against the City of Waterbury, Connecticut ("Waterbury"). The Debtor seeks to restrict Waterbury from collecting, transferring, liquidating, disbursing, and using any and all funds held by Waterbury, pursuant to a contract entered into by the Debtor and Waterbury pre-petition. Having considered the motion and for the reasons set forth below, the Court denies the Debtor's Motion.

The Debtor filed its voluntary chapter 11 petition on January 28, 2000. Prior to the petition date, Waterbury and the Debtor entered into a Municipal Revenue Assurance and Management Services Agreement. The agreement allows the Debtor to purchase Waterbury's tax liens at a discount and at the same time permits Waterbury to receive funds on account of its tax liens, notwithstanding events of taxpayer delinquency. On March 9, 2000, Waterbury filed a motion for stay relief to pursue an action in state court for the alleged breach of the agreement by the Debtor. In its April 5, 2000 Order Denying Motion to Change or Transfer Venue and Granting Motion for Stay Relief Filed by City of Waterbury, Connecticut ("Order Granting Stay Relief"), the Court granted Waterbury relief from the stay and upheld as valid a forum selection clause, found in Section 16.2(b) of the agreement, stating that the parties " . . . irrevocably agree that any action at law, suit, in equity, or other judicial proceeding for the enforcement of any provision of this Agreement shall be instituted only in the courts of the County of New Haven, Judicial District of Waterbury, State of Connecticut." Thus, the Order Granting Stay Relief allowed Waterbury to seek adjudication of this contractual dispute in the Connecticut state court.

Contending that Waterbury has been withholding the funds it has collected

from its taxpayers on behalf of the Debtor pursuant to the agreement, the Debtor filed the instant Motion on May 9, 2000. Through this Motion, the Debtor seeks to restrict Waterbury's use of the funds allegedly owed to the Debtor under the contractual agreement. Any claim that the Debtor has to the funds held by Waterbury arises solely through the agreement between the Debtor and Waterbury.

■ In order to obtain a preliminary injunction, the Debtor is required to demonstrate that: (1) a substantial likelihood exists that the Debtor will succeed on the merits of its contractual dispute; (2) unless the relief sought is granted, the Debtor will suffer irreparable harm; (3) the harm to the Debtor outweighs the injury that the injunction would inflict upon Waterbury; and (4) the injunction would not be adverse to public interest. *See Tefel v. Reno,* 180 F.3d 1286, 1295 (11th Cir.1999); *MediaOne of Del., Inc. v. E&A Beepers and Cellulars,* 43 F.Supp.2d 1348, 1353 (S.D.Fla.1998); *In re Regency Realty Assocs.,* 179 B.R. 717, 720 (Bankr.M.D.Fla. 1995). Due to the extraordinary nature of the remedy sought, a temporary restraining order and preliminary injunction may only be granted if the Debtor has shown each of the above elements both clearly and convincingly. *See Regency Realty Assocs.,* 179 B.R. at 720.

The Debtor's Motion states that "the record is clear" in reference to the likelihood of success on the merits in its contractual dispute with Waterbury. The Court finds no such clarity. The Debtor's evidence consists merely of conclusory statements without any factual support indicating a likelihood of success on the merits. Indeed, the Debtor's sole witness, Elliot Burman, on cross-examination proved to be patently unfamiliar with the agreement and the litigation relating thereto. The Debtor simply has failed to meet the burden of adequately demonstrating a likelihood of success.

■ The Debtor also has failed to sufficiently show that, without the preliminary injunction, it will suffer irreparable injury. While the Debtor did assert that there is a potential for loss to the bankruptcy estate resulting in irreparable injury, the Debtor established no factual predicate to substantiate this assertion. A showing of a remote or speculative threat of harm is not enough to justify granting a preliminary injunction. *See In re Prime Motor Inns, Inc.,* 131 B.R. 233, 236–37 (Bankr.S.D.Fla. 1991).

■ Even though the Debtor's failure to make the requisite showing as to a threat of irreparable injury is alone sufficient to deny the preliminary injunction, *see Roberts v. Van Buren Public Schools,* 731 F.2d 523, 526 (8th Cir.1984), the necessary demonstration (1) that the harm to the Debtor outweighs the potential for harm to Waterbury if the injunction is granted; and (2) that no adversity to the public interest would result from the granting of the injunction are also lacking. The Debtor did nothing more than state in its Motion that issuing the preliminary injunction serves the public interest and results in less harm to Waterbury than would result to the Debtor in the absence of the injunction. Without factual support to substantiate the Debtor's conclusory statements, there are insufficient grounds to issue a preliminary injunction.

■ Even if the Debtor had demonstrated sufficient grounds for issuing the preliminary injunction, the Court is not authorized to do so. The power of the bankruptcy court to grant injunctive relief extends only to the property of the Debtor's estate, for the purpose of protection and fair distribution of estate assets. *See In the Matter of Vitek, Inc.,* 51 F.3d 530, 536 (5th Cir.1995). The bankruptcy court lacks the authority to issue a preliminary injunction if the property in question is not property of the bankruptcy estate. While this Court has the power to determine what property is considered property of the estate, it is without authority to adjudi-

cate the contractual dispute between the Debtor and Waterbury due to the forum selection clause, which was held to be valid in this Court's Order Granting Stay Relief. Until the contractual dispute between the Debtor and Waterbury is adjudicated in the Connecticut court, the Court can not determine whether the funds at issue constitute property of the bankruptcy estate and, as such, are within the reach of the bankruptcy court's equitable powers.

For the foregoing reasons, it is hereby

ORDERED that the Motion For Temporary Restraining Order And Preliminary Injunction is **denied.**