*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1764**

Aase Law Firm, PLLC,
Appellant,

vs.

Aria Law Firm, P.A., et al.,
Respondents.

**Filed June 20, 2016
Affirmed
Johnson, Judge**

Ramsey County District Court
File No. 62-CV-15-3737

Bradley Kirscher, Kirscher Law Firm, P.A., Roseville, Minnesota (for appellant)

Stephen L. Madsen, St. Paul, Minnesota (for respondents)

Considered and decided by Reyes, Presiding Judge; Johnson, Judge; and Bratvold, Judge.

**U N P U B L I S H E D   O P I N I O N**

**JOHNSON**, Judge

An attorney resigned from a law firm and started a new law firm. Clients followed her. The first law firm sued the new law firm to recover attorney fees for legal services performed by the attorney while she was employed by the first law firm. The first law firm moved for a temporary injunction that would require the new law firm to deposit settlement

proceeds into an escrow account, which, it argued, would facilitate the distribution of fees between the two firms. We conclude that the district court did not err by denying the motion for a temporary injunction and, therefore, affirm.

**FACTS**

Aria Hedtke is an attorney licensed to practice law in Minnesota. She was employed as an associate by the Aase Law Firm, P.L.L.C., for approximately one year, beginning in October 2013. In December 2014, she resigned her employment with the Aase Law Firm and started a new law firm, the Aria Law Firm, P.A. After Hedtke established the new firm, 26 clients chose to continue to be represented by Hedtke and transferred their case files from the Aase Law Firm to the Aria Law Firm. All of the clients were plaintiffs in personal-injury actions who had entered into retention agreements with the Aase Law Firm that provided for contingent attorney fees. The Aase Law Firm sent the Aria Law Firm notices of liens for attorney fees in each of the 26 clients' cases shortly after learning of the clients' decisions.

In June 2015, the Aase Law Firm commenced this action against the Aria Law Firm and Hedtke. The complaint alleges causes of action for, among other things, conversion, tortious interference with business relationships, tortious interference with prospective business advantage, breach of duty of faithful and honest service, unfair competition, unjust enrichment, constructive trust, and quantum meruit.

In August 2015, the Aase Law Firm moved for a temporary injunction that would prohibit the Aria Law Firm and Hedtke from depositing money into the Aria Law Firm's operating account with respect to any case in which a former client of the Aase Law Firm

2

received an award of damages or proceeds of a settlement. The Aase Law Firm requested an order that would require the Aria Law Firm and Hedtke to deposit contingent fees into an escrow account, which, it argued, would facilitate the allocation of fees between the two firms. The district court denied the motion. The Aase Law Firm appeals.

## DECISION

The Aase Law Firm argues that the district court erred by denying its motion for a temporary injunction.

A temporary injunction "is an extraordinary equitable remedy . . . meant to preserve the status quo pending an adjudication on the merits." *Metropolitan Sports Facilities Comm'n v. Minnesota Twins P'ship*, 638 N.W.2d 214, 220 (Minn. App. 2002), *review denied* (Minn. Feb. 4, 2002). "The party seeking the injunction must demonstrate that there is an inadequate legal remedy and that the injunction is necessary to prevent great and irreparable injury." *U.S. Bank v. Angeion Corp.*, 615 N.W.2d 425, 434 (Minn. App. 2000) (citing *Cherne Indus., Inc. v. Grounds & Assocs., Inc.*, 278 N.W.2d 81, 91 (Minn. 1979)), *review denied* (Minn. Oct. 25, 2000). A district court must consider five factors to determine whether a temporary injunction is warranted: (1) the nature and relationship of the parties; (2) the balance of relative harm between the parties; (3) the likelihood of success on the merits; (4) public policy considerations; and (5) any administrative burden involving judicial supervision and enforcement. *Dahlberg Bros. v. Ford Motor Co.*, 272 Minn. 264, 274-75, 137 N.W.2d 314, 321-22 (1965). The party seeking a temporary injunction bears the burden of demonstrating that injunctive relief is appropriate. *See Angeion Corp.,* 615 N.W.2d at 434. This court applies an abuse-of-discretion standard of

3

review to a district court's ruling on a motion for a temporary injunction. *Carl Bolander & Sons Co. v. City of Minneapolis*, 502 N.W.2d 203, 209 (Minn. 1993); *Haley v. Forcelle*, 669 N.W.2d 48, 55 (Minn. App. 2003), *review denied* (Minn. Nov. 25, 2003); *Metropolitan Sports Facilities Comm'n*, 638 N.W.2d at 220.

The Aase Law Firm argues that the district court erred in three ways, which we consider in series.

## A.

The Aase Law Firm first contends that the district court erred by reasoning that an adequate remedy at law is available and, thus, that the Aase Law Firm would not suffer irreparable harm without a temporary injunction.

On this issue, the district court reasoned that the Aase Law Firm's concern that the Aria Law Firm and Hedtke could be unable to pay a judgment is "vague and speculative." Thus, the district court concluded that the Aase Law Firm failed to show irreparable harm.

"An injunction will not be granted to prevent a mere assumption of a possible result; rather, some irremediable damage must be shown." *Hideaway, Inc. v. Gambit Invs. Inc.*, 386 N.W.2d 822, 824 (Minn. App. 1986) (citing *Independent Sch. Dist. No. 35 v. Engelstad*, 274 Minn. 366, 370, 144 N.W.2d 245, 248 (1966)). The irremediable damage "must be of such a nature that money alone could not suffice." *Morse v. City of Waterville*, 458 N.W.2d 728, 729-30 (Minn. App. 1990), *review denied* (Minn. Sept. 28, 1990). The prospect of money damages ordinarily provides adequate relief. *See Haley*, 669 N.W.2d at 57.

The Aase Law Firm contends that a money judgment against the Aria Law Firm and Hedtke would not be an adequate remedy at law because, it asserts, the Aria Law Firm is taking attorney fees for itself from settlement proceeds without honoring the Aase Law Firm's liens. But the Aase Law Firm did not submit any evidence in the district court to support its assertion that the Aria Law Firm and Hedtke are not honoring the liens. We have thoroughly reviewed the affidavit of the Aase Law Firm's attorney, which was filed in the district court, and we see nothing in the affidavit relating to whether the Aria Law Firm or Hedtke is honoring or not honoring the Aase Law Firm's liens or any other obligation concerning settlement proceeds. Such evidence is necessary because a temporary injunction may be granted only if "by affidavit, deposition testimony, or oral testimony in court, it appears that sufficient grounds exist therefor." Minn. R. Civ. P. 65.02(b). Even if the Aase Law Firm had submitted such evidence, it still would be necessary for the Aase Law Firm to show that a money judgment against the Aria Law Firm and Hedtke likely would not be an adequate remedy. *See Morse*, 458 N.W.2d at 729-30. As the district court noted, the Aase Law Firm is in a position that is no different from that of any plaintiff seeking money damages. *See, e.g*., *Allstate Sales & Leasing Co., Inc. v. Geis*, 412 N.W.2d 30, 33-34 (Minn. App. 1987) (affirming denial of temporary injunction because defendant's receipt of commissions "does not necessarily pose a threat to the collectibility of a judgment"). Without evidence that the Aria Law Firm or Hedtke is unlikely to be able to satisfy a money judgment, the Aase Law Firm cannot satisfy this requirement of a temporary injunction.

Thus, the district court did not err by reasoning that the Aase Law Firm had failed to establish that it did not have an adequate remedy at law and that a temporary injunction is necessary to prevent irreparable harm.

**B.**

The Aase Law Firm next contends that the district court erred when applying the second *Dahlberg* factor by reasoning that the balancing of possible harms favored the Aria Law Firm and Hedtke.

On this issue, the district court reasoned that a temporary injunction would cause harm to the Aria Law Firm and Hedtke by restricting its access to fee income from settlements and judgments obtained by former clients of the Aase Law Firm. The district court wrote, "Such restrictions could leave the new law firm hamstrung in its operations and unable to make expenditures necessary to keep operating." The Aase Law Firm contends that any harm suffered by the Aria Law Firm and Hedtke would be outweighed by the harm that the Aase Law Firm would suffer by the denial of a temporary injunction. Again, the Aase Law Firm did not submit any evidence to show that it was suffering any harm at the time of its motion for a temporary injunction. The Aase Law Firm made the argumentative assertion that the Aria Law Firm and Hedtke were not honoring its liens, but that assertion was not based on any evidence. The Aase Law Firm did not introduce any other evidence capable of establishing that it would suffer harm without a temporary injunction. Without such evidence, the Aase Law Firm cannot complain that the district court failed to show sufficient concern for its interests when balancing the possible harms.

Thus, the district court did not err by reasoning that the second *Dahlberg* factor favors the Aria Law Firm and Hedtke.

**C.**

The Aase Law Firm next contends that the district court erred by applying the five-factor *Dahlberg* test and concluding that the motion should be denied.

The district court's analysis of the *Dahlberg* factors focused on the second factor (which is discussed above in part B) and the fifth factor. With respect to the fifth factor, the district court stated that "the administrative burden inherent in the Court supervising a law firm's expenditures, or trying to ascertain Defendants' entitlement to the requested amount based on ongoing discovery, would be very significant and also warrants denial of the motion."

The Aase Law Firm challenges this part of the district court's order by contending that "[t]here is nothing particularly burdensome in the enforcement of the requested injunction," in part because the sought-after temporary injunction would require that settlement proceeds be held in escrow while the parties resolved their disputes over each case file. The fifth *Dahlberg* factor contemplates the possibility that parties to a lawsuit will continue to disagree and will require court intervention to enforce the terms of a temporary injunction. *See Dahlberg*, 272 Minn. at 282-83, 137 N.W.2d at 326. In making that assessment, a court need not have "confidence in the objectivity of the litigants." *See id.* at 283, 137 N.W.2d at 326. In this particular case, enforcement of a temporary injunction might require the district court to review minute details about hours worked and fees billed by each law firm in order to determine how much money should be disbursed

7

from an escrow account to each firm. We agree with the district court that, in the context of a district court judge's entire caseload, the burden that might be imposed by enforcing a temporary injunction of the type sought in this case weighs strongly against the Aase Law Firm's motion.

The Aase Law Firm also contends that each of the other *Dahlberg* factors weighs in favor of its motion. Although some of the other factors might weigh in favor of granting the motion, those factors are not so strongly in favor that they overcome the factors that weigh against the motion or overcome the Aase Law Firm's failure to show that it does not have an adequate remedy at law. The district court appropriately considered the fact that the Aase Law Firm had not shown irreparable harm and appropriately considered the second and fifth *Dahlberg* factors. Those considerations are a sufficient basis for this court to conclude that the district court did not abuse its discretion when it declined to issue a temporary injunction.

In sum, the district court did not err by denying the Aase Law Firm's motion for a temporary injunction.

**Affirmed.**